IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06mj082-SRW |
| | ) | WO |
| KIMBERLY JOYCE SELLERS | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 22, 2006. There is a rebuttable presumption of detention in this case.

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant's release would pose a danger to the community and that there is a substantial risk of nonappearance in this case. Defendant is a drug addict, with a history of drug abuse which began, by her own report, when she was 12 years old. She reports current use of methamphetamine and marijuana daily. She has never successfully completed a drug treatment program, although she was ordered by a court to do so. Defendant has pending state charges for possession of a controlled substance and possession of drug paraphernalia. She is, in the view of the court, highly motivated by her addiction to seek out and use drugs, and she has associates and relatives who could assist her (for example, her mother was found to be in possession of methamphetamine at the time of defendant's arrest). Although defendant clearly needs treatment, the court has little confidence in her ability to resist drug use during the 3-12 weeks before a bed in a detox facility becomes available, particularly since she would not be supervised by her uncle/stepfather at all times due to his employment. Thus, defendant presents a significant

danger to herself and the community.

In addition, the evidence before the court establishes that defendant poses a risk of flight or nonappearance. Her ties to her family and community are tenuous at best. She is essentially a transient, having lived, as the pretrial services report indicates, "from motel to motel and house to house since November 2005." She no longer has custody of her children, her husband is in jail, her in-laws indicated that she was not welcome to reside with them – indeed, her mother-in-law turned her in to police – and her mother is a drug user who told the pretrial services officer that she could not be responsible for transporting defendant to court. Defendant's uncle/stepfather, who is willing to take her in, has little information about her associates and the extent of her addiction, and is not at home for a portion of every work day.

Further, defendant walked away from police during a traffic stop in Foley in June and had to be chased down by an officer; she then turned away from the officer and tried to conceal her purse until it was taken from her. She could not be located for some time when officers sought to serve a federal warrant in August. Although police told defendant that they would pursue a federal indictment after the Foley stop, and her mother-in-law asked her to turn herself in, defendant did not turn herself in and, instead, listened to a police scanner (later found in her mother's car) in an effort to avoid apprehension. According to her criminal record, she apparently failed to appear after a warrant was served on April 7, 2006 for a bench trial set for May, 2006 on a state assault third charge. She faces substantial prison time if convicted. Further, defendant's drug addiction obviously affects her judgment and sense of responsibility and, in the court's view, would undermine her ability to succeed

under supervision – at least during the period prior to treatment, which may stretch into several months.  Although electronic monitoring is available for that time, such monitoring does not prevent flight or ensure compliance with conditions of release, and the Birmingham detoxification facility, although supervised, is not a secure facility.

Based on the foregoing, as well as the pretrial services report and the recommendation of the pretrial services officer, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 23rd day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE